UNITED STATES DISTRICT COURT       **PRIORITY SEND**
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-8008-JFW (RZx)**                                        Date:  December 16, 2013

Title:     Athene Annuity & Life Assurance Company -v- Shawna A. Green-Emerick, et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                  None

**PROCEEDINGS (IN CHAMBERS):**   ORDER TO SHOW CASE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

On October 30, 2013, Plaintiff Athene Annuity & Life Assurance Company ("Plaintiff") filed a Complaint in this Court, alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1335.  Subject matter jurisdiction founded under 28 U.S.C. § 1335 requires that (1) diversity of citizenship exists between any two claimants, and (2) the stake consists of money or property valued at $500 or more.  *See* 28 U.S.C. § 1335.

Plaintiff has failed to adequately allege the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").  For example, in the Complaint, Plaintiff alleges the citizenship of the claimants "[u]pon information and belief."  Complaint, ¶¶ 2-5.  However, jurisdictional allegations based on information and belief are insufficient to confer jurisdiction.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963).  As the Supreme Court long ago held, "a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction."  *Smith*, 270 U.S. at 459 (1926); *accord, Rilling v. Burlington Northern Railroad Co.*, 909 F.2d 399, 400 (9th Cir. 1990).

Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **December**

**20, 2013**, why this action should not be dismissed for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action.

    IT IS SO ORDERED.